# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**EMMETT STROMAS,**
        Plaintiff,

vs.                                             Case No.: 3:10cv346/WS/MD

**JAMES OWENS, et al.**
        Defendants.
_____

## ORDER and
## REPORT AND RECOMMENDATION

This cause is before the court upon the *pro se* plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1), and his motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is a pre-trial detainee currently incarcerated at the Escambia County Jail. His complaint names two defendants: James Owens, Florida's Public Defender for the First Judicial Circuit; and Brandon Morris, Assistant Public Defender. (*Id.*, p. 2). Plaintiff claims the defendants are violating his rights under the Florida and United States constitutions in their representation of plaintiff in a state criminal case. Specifically, plaintiff asserts the defendants failed to acknowledge or respond to his correspondence; refused to discuss and present to the court evidence "in [plaintiff's] favor"; refused to "use compulsory process" to obtain certain documentary evidence; refused to depose certain individuals; "failed to obtain victim tapes"; failed to investigate a knife allegedly used in the crime; failed to obtain "prior domestic violence records" of "the witness"; failed to obtain evidence of "abusive aggressive behavior" by the witness at her former place of employment; and failed to request plaintiff's pre-trial release. (Doc. 1, pp. 5-6). Plaintiff further complains that after a period of self-representation, the defendants were re-appointed to his

case and failed to advise the court that plaintiff had "irreconcilable differences" with them and did not want their representation. (*Id.*, p. 7). As relief, plaintiff seeks the following: "Declare that defendants acted under color of authority of State of Florida by depriving me of civil rights or by failing to act to prevent deprivation of civil rights, costs of suit, if applicable attorney's fees; demand for trial by jury." (*Id.*).

Taking the allegations of the complaint as true and construing them in the light most favorable to the plaintiff, they fail to state a plausible § 1983 claim against the named defendants. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).

The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Plaintiff's § 1983 claims against Public Defender Owens and Assistant Public Defender Morris fall squarely under *Dodson.* His claims are based on the defendants' alleged inadequate representation of plaintiff and primarily involve counsel's decisions concerning the investigation and preparation of plaintiff's case for trial. Such decisions represent the exercise of counsel's independent professional judgment and, even when incorrectly made, cannot be considered actions under color of state law. Because the defendants were not acting under color of state law when they engaged in the alleged

unconstitutional conduct, plaintiff's claims against them cannot proceed under § 1983 and should be dismissed. *Dodson*, 454 U.S. at 325, 102 S.Ct. at 453.

Having dismissed plaintiff's federal claims, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over plaintiff's state law claims, including those arising under the Florida Constitution. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE.

3. That the clerk be directed to close this file.

At Pensacola, Florida, this 14th day of September, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control**</u>**. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:10cv346/WS/MD*